M. SMITH, Circuit Judge,
concurring:
I concur in the majority opinion. I write separately to discuss • McLane’s suggestion that it was justified in withholding its employees’ Social Security Numbers to protect their privacy interests. The majority opinion rejects that argument, following University of Pennsylvania v. EEOC, 493 U.S. 182, 110 S.Ct. 577, 107 L.Ed.2d 571 (1990). It bears noting, however, that University of Pennsylvania predates the rash of “data breach” incidents that plague a world interconnected by computers.
Of particular relevance is the United States government’s dismal performance in protecting even its own employees’ sensitive data. See, e.g., Office of Personnel Management Cybersecurity Resource Center, Cybersecurity Incidents, “What Happened,” https://www.opm.gov/ cybersecurity/cybersecurity-incidents/# WhatHappened (detailing the discovery in June, 2015 of the theft from the Office of Personnel Management of 21.5 million Social Security Numbers, an undisclosed number of interview records, 5.6 million fingerprints, and an undisclosed number of usernames and passwords).
Thus, it may be that the EEOC’s insistence here on obtaining Social Security Numbers and other information that could be used to steal an employee’s identity will endanger the very employees it seeks to protect. While we, as a court, are not in a position in this case to weigh the concerns present in any particular data gathering and storage protocol, the EEOC would be well advised to consider these issues in the collection of data in this case.